[No. 20711.  Department Two. — March 2, 1891.]

# THE PEOPLE, RESPONDENT, v. CHARLES JOHNSON, APPELLANT.

CRIMINAL LAW — BURGLARY — INFORMATION — PREVIOUS CONVICTION — WITHDRAWAL OF PLEA — CONFESSION — SENTENCE. — One charged in an information with burglary and a previous conviction of grand larceny may withdraw a plea of not guilty to the charge of previous conviction, and confess the same at any time, and where he does so on the day of trial, and is found guilty of burglary only, both offenses may be taken into consideration, and will warrant a penalty of ten years' imprisonment.

ID. — CONVICTION OF FELONY — WAIVER OF TIME FOR SENTENCE. — One found guilty of a felony may waive the time which the code says must elapse between the verdict and sentence, and may consent that judgment be pronounced immediately.

ID. — APPEAL — PRESUMPTION OF CONSENT. — Where it does not appear in the record that the defendant made any objection in the court below to the shortness of time between the verdict and sentence, he must be presumed to have consented to it.

ID. — ORAL CHARGE — SHORTHAND REPORTER — PRESUMPTION UPON APPEAL. — Where the charge to the jury was given orally, it will be presumed, upon appeal, in the absence of proof to the contrary, that it was taken down by the phonographic reporter.

ID. — APPEAL — PRESUMPTION AGAINST ERROR. — Error will not be inferred upon appeal, but must affirmatively appear in the record.

ID. — SENTENCE — INFORMING DEFENDANT — RECITALS IN JUDGMENT. — An objection to a judgment, on the ground that the defendant was not informed by the court of the nature of the charge against him, of his plea, or of the verdict, is sufficiently met and answered by the recitals in the certified copy of the judgment contained in the record, which show sufficient to meet the requirements of the Penal Code in that respect.

ID. — VENUE OF OFFENSE — JUDGMENT. — If the place where the offense is committed is charged in the information, it need not be stated in the judgment.

ID. — DIRECTION FOR IMPRISONMENT — FORM OF JUDGMENT. — A judgment by which it is "ordered, adjudged, and decreed" that the defendant be punished by imprisonment in the state prison is a sufficient direction that he be imprisoned.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Carroll Cook*, and *J. E. Foulds*, for Appellant.

The defendant, having been convicted of burglary in the second degree, could only have been imprisoned for five years, and the sentence of ten years was without authority. (Pen. Code, sec. 461.) The judgment is illegal, as the plea of not guilty put in issue every allegation of the information, and as there was no verdict as to the prior convictions, they could not be taken into consideration in pronouncing judgment; therefore the court exceeded its jurisdiction in ordering imprisonment for a longer term than five years. (*People* v. *King*, 64 Cal. 338; *People* v. *Boyle*, 64 Cal. 153; *People* v. *Lewis*, 64 Cal. 401; *People* v. *Stanley*, 47 Cal. 115; 17 Am. Rep. 401; *People* v. *Brooks*, 65 Cal. 295; Pen. Code, sec. 1207.) Two full days did not intervene between the date of the judgment and the verdict, as required by law. (Pen. Code, sec. 1191; *People* v. *Robinson*, 46 Cal. 94.) The record shows affirmatively that an oral charge was given, which cannot be done upon the trial of a felony. (Pen. Code, sec. 1093, subd. 6; *People* v. *Gaines*, 52 Cal. 480; *People* v. *Cox*, 76 Cal. 281; *People* v. *Beeler*, 6 Cal. 246; *People* v. *Demint*, 8 Cal. 423; *People* v. *Woppner*, 14 Cal. 437; *People* v. *Chares*, 26 Cal. 78; *People* v. *Trim*, 37 Cal. 276; *People* v. *Sanford*, 43 Cal. 29.) The judgment was illegally pronounced, because the defendant was not informed by the court, or under its direction, of the nature of the charge against him, or of his plea, or of the verdict. (*Ex parte Gibson*, 31 Cal. 622; 91 Am. Dec. 546; *Ex parte Murray*, 43 Cal. 455; *People* v. *Gaines*, 52 Cal. 480; *Ex parte Raye*, 63 Cal. 492; *People* v. *Northey*, 77 Cal. 635; Pen. Code, secs. 1200, 1207.) The judgment simply orders that the defendant be punished by imprisonment, and does not direct that he be imprisoned, and is therefore not a valid judgment. (Bishop's Criminal Procedure, secs. 1296, 1297.)

*Attorney-General Johnson*, for Respondent.

The prior conviction having been admitted, the court was authorized to impose sentence of imprisonment for

ten years. (Pen. Code, secs. 461, 666.) No specific method of arraingment being now provided where there is a charge of prior convictions, and the defendant having the right to admit them, it is immaterial that this right was exercised on the day of the trial. (Pen. Code, sec. 1158; *People* v. *Meyer*, 73 Cal. 548; *Ex parte Young Ah Gow*, 73 Cal. 438.) As to the claim that two full days had not elapsed after the verdict and before judgment, see Pen. Code, sec. 1191; *People* v. *Mess*, 65 Cal. 174; *People* v. *Robinson*, 46 Cal. 94. The presumption is, that the phonographic reporter performed his duty, and took down the charge in shorthand. The charge is not part of the judgment roll unless signed by the judge, and if not so signed, it must be in the bill of exceptions, in order to be reviewed. (*People* v. *January*, 77 Cal. 179; *People* v. *Keeley*, 81 Cal. 210; *People* v. *O'Brien*, 78 Cal. 48.)

Belcher, C. — The defendant was charged in the information filed against him with the crime of burglary, and with a prior conviction of grand larceny. He was tried, and found guilty of burglary in the second degree. Judgment was entered that he be imprisoned in the state prison for the term of ten years. From this judgment he has appealed, but the record brought up contains no bill of exceptions and none of the instructions given to the jury.

In support of the appeal, it is argued that the defendant, as shown by the record, was arraigned only for the crime of burglary, and pleaded simply not guilty; that this plea put in issue every allegation of the information, and upon it he was tried, and found guilty simply of burglary in the second degree; that as there was no verdict as to the prior conviction, it could not be taken into consideration in pronouncing judgment, and hence, as the maximum term of imprisonment authorized by the statute in such a case was five years (Pen. Code, sec. 461), the judgment was illegal, and should be reversed.

It is true that the record as originally filed in this court showed no admission by the defendant, or finding, as to the alleged prior conviction, but on suggestion of a diminution of the record, an amendment duly certified was subsequently filed, showing that after the appeal was taken the trial court amended its record of the case *nunc pro tunc*, so as to show that on the day of the trial the defendant admitted the prior conviction set forth in the information, and withdrew his former denial thereof. The record, therefore, as now presented, does not support the argument.

The defendant clearly had the right at any time to withdraw his plea of not guilty to the charge of prior conviction, and to confess the same; and having done so, the jury had nothing to say or find in regard to it. The verdict covered the only issue submitted to the jury, and upon it the court was authorized to fix the penalty, as it did, at ten years' imprisonment. (Pen. Code, sec. 666; *People* v. *Brooks*, 65 Cal. 300.)

It is also argued that the record affirmatively shows error, because it appears therefrom that the verdict was rendered on January 15, 1890, and the court thereupon appointed January 17th as the time for pronouncing judgment, and on the last-named day pronounced the judgment appealed from. It is said that, under section 1191 of the Penal Code, the time fixed for pronouncing judgment in cases of felony must be at least two days after the verdict, and that the minutes show that two *full* days could not have intervened.

A sufficient answer to this point is, that one found guilty of a felony may waive the time which the code says must elapse between the verdict and sentence, and may consent that judgment be pronounced immediately. (*People* v. *Robinson*, 46 Cal. 94.) Here it does not appear that the defendant ever made any objection in the court below on account of this alleged shortness of time, and he must therefore be held to have assented to it.

In *People* v. *Mess*, 65 Cal. 174, the same point was made, and, as we think, correctly held untenable.

It is further said that the record shows affirmatively that an oral charge was given by the court to the jury, and that this was error calling for a reversal of the judgment. But the giving of an oral charge is not necessarily error. The statute says: "The judge may then charge the jury, and must do so on any points pertinent to the issue, if requested by either party; and he may state the testimony and declare the law. If the charge be not given in writing, it must be taken down by the phonographic reporter." (Pen. Code, sec. 1093, subd. 6.) Here it does not appear that the charge complained of was not given at the request of the defendant, nor that it was not taken down by the phonographic reporter. It will be presumed, therefore, that it was so taken down. The well-settled rule is, that error is not to be inferred, but must affirmatively appear in the record. (*People* v. *Huff*, 72 Cal. 117; *People* v. *Leong Sing*, 77 Cal. 117; *People* v. *Cline*, 83 Cal. 374.)

Another point made for reversal is, that the judgment was illegally pronounced, for the reason that the defendant was not informed by the court or under its direction of the nature of the charge against him, or of his plea, or of the verdict. And it is said under this head that the minutes do not show that the judgment was pronounced in open court, or by any judge of the court, and that it cannot be seen therefrom whether there was any judge present, or whether the court had been or was opened.

These objections are sufficiently met and answered by the recitals in the judgment itself, as shown by the certified copy thereof in the record, which are sufficient to show that the judgment was pronounced in open court and by the judge thereof, and to meet the requirements of sections 1200 and 1207 of the Penal Code.

It is further said that the judgment fails to show that

it was pronounced for any crime committed within the jurisdiction of the court, and that it simply *orders* that defendant be *punished* by imprisonment, but does not *direct* that he be imprisoned, and hence is not such a judgment as is contemplated in criminal practice.

There is nothing in these objections. The information charged that the offense was committed in the city and county of San Francisco, and it was not necessary that the judgment should state where it was committed.

It was "ordered, adjudged, and decreed" that the defendant be punished by imprisonment in the state prison, and this was all that is necessary.

We find no material error in the record, and advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.