[Crim. No. 2697.   First Dist., Div. Two.   Jan. 19, 1951.]

THE PEOPLE, Respondent, v. AUGUST MENDIETTA,
Appellant.

Jerome L. Schiller and Henry M. Jonas for Appellant.

Fred N. Howser, Attorney General, and David K. Lener,
Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was arraigned before the committing magistrate upon a complaint charging him and two others with the crime of robbery.   The complaint included the allegation "said defendant(s) at the time of the commission of the said offense being armed with a deadly weapon, to wit: a revolver."   Appellant pleaded guilty before the magistrate as permitted by section 859a Penal Code and the matter was certified to the superior court.   The judge of the superior court determined the robbery to be in the first degree and imposed sentence.

The sole issue raised on the appeal is that the judge in fixing the degree of the crime failed to take evidence as required by law. (Pen. Code, § 1192; *People* v. *Bellon,* 180 Cal. 706 [182 P. 420]; *People* v. *Stratton,* 133 Cal.App. 309 [24 P.2d 174]; *People* v. *Paraskevopolis,* 42 Cal.App. 325 [183 P. 585].)

█ Since robbery while armed with a deadly weapon is robbery in the first degree (Pen. Code, § 211a) and since the complaint alleged that the defendants in the commission of the robbery were "armed with a deadly weapon, towit: a revolver," it is plain that the complaint charged the defendants with the commission of robbery in the first degree. [2] The plea of guilty admitted all of the elements of the crime as charged. (*People* v. *Brown,* 140 Cal.App. 616, 619 [36 P.2d 194]; *People* v. *Hall,* 87 Cal.App. 634, 636 [262 P. 50].)

In *People* v. *Paraskevopolis, supra,* a case relied on by appellant, the court said at page 330 of 42 Cal.App.:

"We are not, however, to be understood as holding that the voluntary admission by the defendant, whether in the form of a mere statement or in that of a plea to the charge, that he is guilty of a particular degree of a crime divided into degrees, will not constitute a sufficient evidentiary predicate for the determination by the court of the question of degree, notwithstanding that such statement may not be, or such plea is not, given under oath. To the contrary, we think a voluntary statement or plea by the accused would be sufficient to uphold the determination by the court of the degree."

Similarly in *Ex parte Haase,* 5 Cal.App. 541 at page 543 [90 P. 946] we read:

"But what objection could be urged against an information charging burglary in the night-time? The effect would be simply to confine the plea or the trial to the crime of burglary in the first degree. (*People* v. *Smith,* 136 Cal. 208, [68 P. 702].) But if the defendant were arraigned upon such an information and should plead guilty of 'burglary in the first degree,' and were sentenced to eight years in the penitentiary, it could not be said that the judgment was void or even voidable. In such a case the plea would be equivalent to that 'of guilty of the offense charged,' and it would be a substantial compliance with the requirement of the statute."

See, also, *People* v. *Martin,* 78 Cal.App.2d 340, 343 [177 P.2d 813], holding that "a plea of guilty to the particular

degree of the crime charged and a determination by the court of the degree were sufficient.''

*People* v. *Mendez,* 27 Cal.2d 20 [161 P.2d 929], cited by appellant, charged murder in the language of Penal Code, section 187 and the plea did not for that reason admit the degree of the crime. In any event even in the case of a plea of guilty to murder in the first degree the court must still take evidence to fix the penalty. (Pen. Code, § 190.)

Where the defendant pleads guilty to a charge which from the allegations of the complaint, indictment or information can only be robbery in the first degree he pleads guilty to robbery in the first degree, and no reason appears why the court should resort to evidence to fix the degree which he has already admitted by his plea.

Judgment affirmed.

Nourse, P. J., and Schottky, J. pro tem., concurred.