[Crim. No. 5051.   Second Dist., Div. Two.   Nov. 16, 1953.]

THE PEOPLE, Respondent, v. ROBERT W. HENDERSON, Appellant.

Robert W. Henderson, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having pleaded guilty to the charge of taking and driving an automobile of a Los Angeles corporate merchant without its consent, with intent to deprive the owner of its title to and possession of the vehicle (Veh. Code, § 503), appellant has appealed from the judgment. The six assignments of error may be summed up in two, to wit: (1) appellant thought he was pleading guilty to a misdemeanor; (2) the evidence against him was false, fraudulent and perjured. The record seems to contradict such claims.

■ At the arraignment, the court stated to appellant that he was charged* by the pleading "with the crime of a violation of section 503 of the Vehicle Code . . . a felony, which involves the operation of a motor vehicle without the consent of the owner. Heretofore, you have pleaded not guilty to this charge, and I am advised by your counsel . . . that you desire to plead guilty; is that true?" After he had answered, "Yes," the court inquired whether appellant was acting on his own free will, whether anybody had promised him any advantage for pleading guilty, and whether he understood that "any penalty to be imposed rests entirely with the judge?" Appellant replied in the affirmative. Thereupon, the prosecuting attorney repeated the number of the section of the Vehicle Code, the violation thereof, "a felony. At this time how do you plead, guilty or not guilty?" To that question appellant answered, "Guilty."

From such proceedings it is clear that the arraignment was in complete compliance with the statute (Pen. Code, § 988) which prescribes the manner of an arraignment, including the delivery of a true copy of the accusatory pleading. Inasmuch as the "official duty" of the prosecutor is presumed to have been "regularly performed" (Code Civ. Proc., § 1963, subsec. 15), and no proof having been made that would dispel such presumption, appellant cannot avoid the resulting conclusion that appellant received a copy of the information which disclosed that the crime to which he pleaded guilty was a felony.

■ By virtue of the facts that (1) appellant had the advice of counsel at all stages of the proceeding, and (2) the plea was impliedly admitted to have been properly obtained, he thereby admitted every element entering into the offense

*The information contained a first count accusing the defendant of theft. It was dismissed.

charged. (*People* v. *Mendietta,* 101 Cal.App.2d 788, 789 [226 P.2d 34] ; *People* v. *Outcault,* 90 Cal.App.2d 25, 29 [202 P.2d 602].) He knew he was charged with having committed a felony; the court told him; the prosecutor told him; he pleaded guilty in open court with his attorney at his side. In contending that the evidence against him was false, fraudulent, and perjured, appellant "did not reckon with his host." Not a word of testimony was received. ■ The plea of *guilty* disposed of every issue previously raised by his originally pleading not guilty.

In his closing brief in propria persona, appellant says that his attorney and the district attorney represented to the court that the evidence would not warrant a conviction for a felony and that if appellant was willing such prosecutor would file an amended information charging a misdemeanor; also, that appellant would receive no jail sentence. He now contends that such statements of the district attorney and his own counsel were not made to the court at any time. By reasons of such fraudulent acts of the two lawyers, appellant contends that he was cheated of his liberty and of the privilege of contesting the new count in the information that accused him.

■ There is nothing a reviewing court can do about talk outside of a court proceeding in the absence of an appropriate record thereof by affidavit or otherwise. If we were obliged on every appeal to try the merits of conversations participated in by litigants outside the presence of the court, there would be no end of most appeals. Our only concern is with what was said to the court or in its presence when actually investigating the facts of a controversy or with what is said by an accused person in making his plea of guilty or by his own or the opposing counsel and the remarks of the court, if any.

By reason of the brevity of the proceeding under review there is nothing to be reviewed. But because it is brief, appellant is not thereby licensed to create a record of conversations that might have occurred, somewhere. Merely because a prisoner fills his brief with narratives about which the court below knew nothing, a record on appeal is not thereby made. Briefs are not the basis of an appeal. They discuss the record contained in the reporter's transcript and in the minutes of the clerk.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 10, 1953.