[Crim. No. 5232.   Second Dist., Div. One.   Aug. 8, 1955.]

THE PEOPLE, Respondent, v. ARTHUR WARNER, Appellant.

Arthur Warner, in pro. per., and William B. Murrish for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Arthur Warner, was convicted by a jury of six counts of grand theft. Without going into particular details of 'the several crimes, the evidence shows that he took money from individuals and promised to get them automobiles, kept the money, and never delivered the automobiles, or that he took automobiles from individuals to sell, did sell them, but did not pay the owners; or that he converted to his own use automobiles entrusted to him.

Defendant appeals from the judgment sentencing him to state's prison, and from the court's order denying his motion for a new trial.

His argument for reversal of the judgment may be stated under the following heads:

1. That it was error for the trial court to deny his motion for a continuance of the trial.

2. That it was error for the trial court to refuse to grant his motions to be substituted in person for, or to associate himself with the public defender.

3. Asserted errors in instructions given or refused.

4. Asserted errors in the admission of evidence.

5. Misconduct on the part of the deputy district attorney.

These matters will be discussed in order.

■ 1. With reference to the requested continuance:

Affidavits for continuance were filed, averring that because of the complexities of the case counsel for defendant required more time for preparation for trial. The court considered the affidavits, heard the argument, and denied the motion. There was no abuse of discretion.

On October 27, 1953, the case was set for trial for November 19th. The deputy public defender who tried the case was assigned to it on October 28th. Nothing in the facts of the case as shown in the record is so complicated as to require longer time than that allowed to prepare for trial.

■ 2. Referring to the rulings keeping the public defender as trial counsel:

After the trial had been going on for several days, defendant moved the court to excuse the public defender from further participation in the case. After that motion was denied, he moved for an order allowing him to be associated with the public defender in the trial.

Defendant argues that it was prejudicial error to deny these two motions. In support of his argument he stresses the elementary proposition that a defendant in a criminal case is entitled to represent himself at all times.

But that was not the situation here. The jury had been impaneled, and the trial had been going on regularly, with duly appointed counsel representing the defendant. To have directed withdrawal of counsel while the trial was in progress would have resulted in delay and confusion, and would have been unfair to the court and to the jury. Defendant was represented throughout the case by able counsel from the public defender's office. Despite his actions in embarrassing his own lawyer, a good presentation was made of a difficult defense. For even in his brief on appeal defendant concedes that he got the money, or the property, and didn't give his customers anything in return.

■ The presumption is that counsel performed his duty. (*People* v. *Gay*, 37 Cal.App.2d 246 [99 P.2d 371].) There is nothing in these rulings that prejudiced defendant's case in the slightest degree. ■ The rulings, moreover, were in the interest of orderly trial procedure, which it is the settled policy of the law to secure at all times. (*People* v. *Northcott*, 209 Cal. 639 [289 P. 634, 70 A.L.R. 806].)

3. With reference to the instructions:

Defendant contends that the jury should have been instructed:

(a) as to his defense that he was liable only under a civil contract;

(b) that the testimony of those who lost their money or their property should have been corroborated;

(c) as to circumstantial evidence;

(d) as to the power of the jury to convict for lesser offenses than charged in the information; and

(e) knowledge by defendant of the "limiting instructions" of the "trust claimed."

This court has read the instructions given and refused. As a whole, the instructions fully and fairly advised the jury as to the issues and the law of the case, and there was no error in giving or refusing any particular instruction. The specific complaints of defendant may all be answered by the statement that the subjects were covered by other instructions given, or the proposed instructions were immaterial to the issues in the case.

■ For example, defendant argues at length that it was error for the court to refuse to give an instruction that if both title and possession of property passed to defendant no embezzlement could be found. This would have been repetitious. The jury was instructed that an essential element in the crime of grand theft is that the owner does not intend to transfer his title to property to the person obtaining its possession. ■ When a jury is instructed as to a legal principle it is never necessary to restate the principle in another way. (*People* v. *Roche*, 68 Cal.App.2d 665 [157 P.2d 440].)

No error appears in the reception or exclusion of evidence. Defendant complains that certain questions asked of him on cross-examination tended to show the commission by him of other felonies or misdemeanors. ■ It is settled law that if the query tends logically or by reasonable inference to establish any fact material for the prosecution, or to overcome any material fact sought to be proved by the defense, it is admissible, although it may also show other crimes of a defendant. (*People* v. *Woods,* 35 Cal.2d 504 [218 P.2d 981].) ■ The questions complained of tended to show the manner in which defendant conducted his business affairs, and the use of a common plan to unlawfully secure property of others, and were relevant in the trial of the offenses of which he was charged.

5. There was no prejudicial misconduct of the deputy district attorney. The trial was lengthy. There are more than a thousand pages of typewritten transcript. Both counsel for the People and for the defendant were zealous and alert. At times remarks were made in the heat of the trial that, torn from their context in the record, lend some support to defendant's contentions. But the trial judge was diligent in advising the jury to disregard these passages at arms, whether by counsel for defendant or for the People. A review of the record shows that the case was fairly tried throughout.

Finally, although it may not be necessary to this opinion, inasmuch as this defendant appears as his own counsel on appeal, and has written his own brief, this court desires to emphasize the fact that under article VI, section 4½ of our state Constitution, "No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

A careful review of the record in this case shows that defendant had a fair trial, and that there was no reasonable, or even possible, doubt of his guilt. He took the money, or the property of others and converted it to his own use.

For the foregoing reasons the judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 22, 1955, and appellant's petition for a hearing by the Supreme Court was denied September 7, 1955. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.