[Crim. No. 3403.   First Dist., Div. Two.   May 19, 1958.]

THE PEOPLE, Respondent, v. LONNIE KHANS, Appellant.

Lonnie Khans, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—The appellant, Lonnie Khans was charged by indictment with the murder of Mattie Cagler. Two prior murder convictions were also charged. The public defender was appointed to represent the appellant. On December 3, 1956, appellant entered a plea of not guilty and not guilty by reason of insanity, and admitted the prior convictions. The psychiatrists appointed to examine the appellant, concluded that he was sane at the time of the commission of the crime and at the time of the trial on February 25, 1957. On February 25, 1957, appellant moved to withdraw his prior plea and to enter a plea of guilty, as the district attorney stated that on such a plea he would request a sentence of life imprisonment rather than the death penalty. Appellant stated that he understood the motion made by his counsel and the fact that the court was not bound by the recommendation of the district attorney. Thereupon, the motion was granted, and a plea of guilty of murder in the first degree was entered.

The court, in order to determine the degree of the offense and fix the punishment, in accordance with Penal Code, section 1192, conducted a hearing. On March 18, 1957, appellant was sentenced to life imprisonment. In this appeal taken from the judgment of conviction, appellant urges that at this hearing the trial court admitted illegally obtained evidence and committed various other errors which deprived him of due process. There is no merit in any of the appellant's contentions.

■ Defendant entered a plea of guilty, specifying that he pleaded guilty to murder of the first degree. In such situation, the court is not required to resort to evidence to fix the degree of the crime. (*People* v. *Selz,* 138 Cal.App.2d 205 [291 P.2d 186]; *People* v. *Mendietta,* 101 Cal.App.2d 788 [226 P.2d 34].) ■ In this case the evidence to which the appellant takes exception consists of a series of tape recorded statements made by him after his arrest. The court heard the tape recordings in the presence of the appellant and his counsel. Appellant stated that the statements reflected by the recordings were voluntarily made and that all the statements were true, but indicated that he had said more than appeared on the tape. The appellant then testified as to the matter supposedly excluded from the tape which related to an argument with the deceased just before her death. In the course of this argument, the deceased used foul language in reference to the appellant which so enraged him

that he began to choke her. The fact that the court considered this evidence as a mitigating circumstance is indicated by the record and by the lesser sentence given to the appellant.

In *People* v. *Thomas,* 37 Cal.2d 74, it was held at page 76 [230 P.2d 351] : "A hearing for the determination of the degree of an offense and the punishment therefor is not a trial in the full technical sense, and is not governed by the same strict rules of procedure as a trial." As pointed out in *People* v. *Williams,* 14 Cal.2d 532 [95 P.2d 456], it is simply a statutory hearing by which the court considers evidence in aggravation or in mitigation of the offense. In considering evidence for such purpose the court may consider many matters not admissible on the issue of guilt or innocence. (*People* v. *Gilbert,* 22 Cal.2d 522 [140 P.2d 9].)

After a careful scrutiny of the record we conclude that there is no merit to any of the appellant's numerous allegations of error. We think that the trial court is to be commended for its fairness in dealing with so difficult a case.

In view of the foregoing we find no prejudicial error in the record before us and accordingly the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.