[Crim. No. 3658.    First Dist., Div. Two.    Dec. 23, 1959.]

THE PEOPLE, Respondent, v. CLYDE J. CRAWFORD, Appellant.

Michael S. Jarboe and Louis A. Boli III, for Appellant.

Stanley Mosk, Attorney General, and Joseph I. Kelly, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—This is an appeal from an order denying defendant's motion to vacate a final judgment of conviction. Appellant contends that his motion should have been granted because he was wrongfully induced to enter a plea of guilty; he was denied aid of counsel; he was not informed of the charge against him; he was not taken before a magistrate within the time limit of section 825 of the Penal Code; and the court improperly set the degree of the crime at robbery in the first degree.

The record reveals the following facts: On July 6, 1956, the appellant was arrested in Fresno, California, by Officer Locke of the San Pablo Police as a robbery suspect and a parole violator. The appellant was taken to San Pablo jail on the following day. On July 11th, Officer Locke signed a complaint accusing three persons (none of whom was the appellant) and one John Doe of armed robbery. On July 13, 1956, one of the appellant's accomplices made a statement implicating the appellant as the driver of the car involved in the robbery. On the same day, according to his own testimony, the appellant was visited by an attorney and informed him of all the details of the case.

The magistrate of the Municipal Court of the city of Richmond certified that after the filing of the complaint, the appellant and three others appeared before him, and that he delivered a copy of the complaint to them and informed them of their right to the aid of counsel. Thereafter, the appellant with counsel appeared before the magistrate who read the complaint to them. On July 26th, the appellant, accompanied by counsel, entered a plea of guilty to robbery in the first degree.

On July 30, 1956, in the Superior Court of Contra Costa County, the appellant, accompanied by counsel, was informed of the complaint against him, of his arraignment and plea of guilty. The appellant having no legal cause why sentence should not be pronounced, the court rendered its judgment of

guilty on July 30, 1956. No appeal from the judgment was taken.

On November 3, 1958, the appellant, through his counsel, filed a motion to vacate judgment and sentence. On December 22, 1958, the court denied his petition for a writ of prohibition and granted a hearing on the motion to vacate. On January 27, 1959, the motion was denied. This appeal was filed on February 5, 1959.

In this state, a motion such as appellant herein made is a proceeding in the nature of an application for a writ of error *coram nobis.* (*People* v. *Lewis,* 157 Cal.App.2d 722 [321 P.2d 859].) *Coram nobis* is a limited remedy of narrow scope which is available [where no other remedy exists] to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it, and which, through no negligence or fault of the defendant was not then known to the court. The writ lies only to correct errors of fact, not errors of law. (*People* v. *Sharp,* 157 Cal.App.2d 205 [320 P.2d 589].)

The record does not support appellant's contentions that he was wrongfully induced to enter a plea of guilty because he was mistreated by the detaining authority and illegally incarcerated. At the hearing on the motion, Officer Locke testified that he never denied the appellant access to an attorney, or the right to see his family, or subject the appellant to any cruel, abusive, or unusual treatment during his incarceration. It was also established that the appellant was not promised any leniency for his plea of guilty and that the officer had not made any threats of instituting proceedings against the appellant's wife. Appellant's testimony contradicted that of the officer. On appeal from denial of a motion to vacate a judgment of conviction, where the evidence before the trial court is conflicting, it is the duty of the appellate court to accept that version of the evidence supporting a denial of his motion. (*People* v. *Ryan,* 118 Cal.App.2d 144 [257 P.2d 474] ; *People* v. *O'Connor,* 114 Cal.App.2d 723 [251 P.2d 64] ; *People* v. *O'Malley,* 63 Cal.App.2d 646 [147 P.2d 422] ; *People* v. *Savin,* 37 Cal.App.2d 105 [98 P.2d 773].)

Nor does the record support appellant's contention that he was not informed of the charge against him and not informed of the right of counsel. The certificate of the magistrate reveals that the complaint was read to the appellant, a copy of the complaint delivered to him, and that he was informed of his right to counsel. The presumption of the cor-

rectness of such record is binding on this court. (*People* v. *Palmer,* 49 Cal.App.2d 567 [122 P.2d 109]; *People* v. *Johnson,* 88 Cal. 171 [25 P. 1116].) If appellant is referring to any proceedings not included in the record on appeal, in the absence of an affirmative showing to the contrary, it must be presumed that official duty was regularly performed. (*People* v. *Ryan,* 121 Cal.App.2d 651 [263 P.2d 850].) Appellant's own testimony indicates that he saw his counsel on July 13th. The record further indicates that appellant had counsel throughout the proceedings.

■ Appellant also argues that counsel was not allowed or did not take sufficient time to prepare for his case. It is presumed that counsel performed his duties. (*People* v. *Warner,* 134 Cal.App.2d 829 [286 P.2d 560].) ■■ The fact as to the voluntariness of appellant's confession was determined in the trial court. Officer Locke denied any threat or coercion and stated that the appellant admitted his guilt as a result of the testimony of the accomplice.

■■ Appellant next contends that he was not taken before a magistrate within the two-day limit set by section 825 of the Penal Code. The record indicates that on July 9th, appellant was released as a robbery suspect as there was not sufficient evidence to file a complaint against him, but held as a parole violator. On July 13th, appellant's accomplice gave a statement implicating the appellant, and on the same day appellant was arraigned.

■ Appellant's final argument is that the degree of his crime was not properly set, as the court did not inquire into the facts with respect to the degree of the crime. Appellant relies on Penal Code, section 1192. In the instant case, appellant with counsel, entered a plea of guilty. Under such circumstances, no reason appears why the court should resort to evidence to fix the degree which he has already admitted by the plea. (*People* v. *Mendietta,* 101 Cal.App.2d 788 [226 P.2d 34]; *People* v. *Selz,* 138 Cal.App.2d 205 [291 P.2d 186].) ■ Furthermore, the question of whether or not the trial court had a duty to make a further determination of the degree of appellant's crime is a question of law not cognizable in *coram nobis.* (*People* v. *Tuthill,* 32 Cal.2d 819 [198 P.2d 505].) It must be pointed out that all of appellant's contentions of error on appeal relate to errors of law which could have been raised on appeal from the judgment and cannot now later be urged via *coram nobis.* (*People* v. *Chapman,* 106 Cal.App.2d 51 [234 P.2d 716].) ■ Even if there were

any merit in any of the appellant's contentions, by waiting over two years, he has not met the "due diligence" requirement of the writ of error *coram nobis*. (*People* v. *Middleworth,* 172 Cal.App.2d 619 [342 P.2d 348].)

We conclude that no error appears in the record before us and that the order finds ample support in the record.

Order affirmed.

Dooling, J., and Draper, J., concurred.