[Crim. No. 2253.   Fourth Dist.   Dec. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD McZEAL, Defendant and Appellant.

Howard R. Harris, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FINLEY, J. pro tem.*—This appeal stems from notice of appeal in the form of a letter written by the defendant stating, in part: "I am writing this letter to appeal the sentence, I received in your court, Thursday the 4th."

Appellant was charged by complaint filed in the municipal court with six counts of robbery. Counts I through V charged that at the time of the commission of the offenses appellant was armed with a deadly weapon, to wit: an automatic pistol. Appellant, represented by counsel, pleaded guilty to Count I and the remaining counts were dismissed. Appellant was then certified to the superior court for further proceedings. There appellant reiterated his plea of "guilty" and made application for probation. A hearing date for this application was set by the court and the clerk's minutes contain this notation: "Will admit or deny being armed at Probation Hearing or Court will determine." At the subsequent hearing, after some discussion between the court and counsel concerning the character of the object displayed as a weapon at the time of the robbery, the judge denied probation and after pronouncing judgment and sentence, made this statement: "The court fixes the degree as first degree, the defendant having in his possession at the time of the offense a dangerous weapon, not a deadly weapon. The record may so show."

The letter constituting defendant's notice of appeal was written by him personally and in addition to the language giving notice of appeal contains a request that the degree of the crime be reduced to second degree robbery.

In appellant's brief the issues are stated as follows:

"1. When the matter of the degree of robbery as first or second degree is put in issue, it is necessary for the prosecution to produce probative evidence to establish the degree as first degree.

"2. Is the use of a 'metal toy pistol' the use of a 'dangerous' weapon as a matter of law?"

The three penal code sections bearing most directly upon appellant's first point above are as follows:

Penal Code, section 211a provides: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon . . . is robbery in the first degree. All other kinds of robbery are of the second degree."

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Penal Code, section 1192 provides: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Penal Code, section 969c provides in part: "Whenever a defendant is armed with a firearm or other weapon under such circumstances as to bring said defendant within the operation of Section 3024 of the Penal Code relating to certain penalties or of Section 12022 of the Penal Code, the fact that defendant was so armed may be charged in the accusatory pleading. . . . If the defendant pleads guilty of the offense charged the question whether or not he was armed as alleged must be determined by the court before pronouncing judgment."

Under the definition of first degree robbery set forth in Penal Code, section 211a, it is immaterial whether the trial court finds the defendant to have been armed with a dangerous weapon or a deadly weapon.

Bearing upon appellant's first issue above set forth, we find in *People* v. *Mendietta*, 101 Cal.App.2d 788, 790 [226 P.2d 34], the following language: "Where the defendant pleads guilty to a charge which from the allegations of the complaint, indictment or information can only be robbery in the first degree he pleads guilty to robbery in the first degree, and no reason appears why the court should resort to evidence to fix the degree which he has already admitted by his plea."

This language is obviously contrary to appellant's contention that, "it is necessary for the prosecution to produce probative evidence to establish the degree as first degree." No language in the code sections quoted above or referred to by appellant bears out this contention. In its wisdom the Legislature has seen fit to repose in the trial court the last word as to degree, even after a guilty plea without reservation, to a charge containing all of the specific elements of a first degree offense. It did not, however, go so far as to require the introduction into evidence of the weapon involved or formal testimony concerning it in order to support a finding of degree of the crime or the nature of the weapon. Defendant has produced no convincing authority to support his position on this point or to negate the position outlined in

the language above from the *Mendietta* case.

In *People* v. *Crawford*, 176 Cal.App.2d 564, 568 [1 Cal. Rptr. 811], appellant posed the same question raised here. The court said: "Appellant's final argument is that the degree of his crime was not properly set, as the court did not inquire into the facts with respect to the degree of the crime. Appellant relies on Penal Code, section 1192. In the instant case, appellant with counsel, entered a plea of guilty. Under such circumstances, no reason appears why the court should resort to evidence to fix the degree which he has already admitted by the plea." [Citations.] See also on this point *People* v. *Clarke*, 168 Cal.App.2d 342, 343 [335 P.2d 775]; *People* v. *Khans*, 160 Cal.App.2d 603, 604 [325 P.2d 528]; *People* v. *Henderson*, 121 Cal.App.2d 298, 300 [262 P.2d 871].

Here defendant twice answered "guilty" to the charge which specified that, "defendant Edward McZeal was armed with a deadly weapon, to wit: an automatic pistol." In addition thereto at one point during the proceedings in the superior court the following colloquy took place between Mr. Harris, defense counsel and the court: "MR. HARRIS: . . . Secondly, the Court is required at this time to make a finding as to whether it is first or second degree.

"THE COURT: Correct.

"MR. HARRIS: Mr. McZeal has always claimed that he just used a toy pistol, which, of course, does not excuse the crime at all but would fix the degree. There is some evidence that with respect to the first count that this might have been a real weapon. It does not indicate whether it was loaded or unloaded. . . ."

At another point we note this conversation between the court and defense counsel: "THE COURT: Is it the defendant's belief that the toy pistol was not metal?

"MR. HARRIS: It was metal, your Honor.

"THE COURT: Then the Court's finding is that he was armed with a dangerous weapon, not a deadly weapon, a dangerous weapon."

At no point during any of the proceedings was any objection made by defendant to the court's finding either as to the degree of the crime or the type of weapon involved or to the fact that the prosecution had produced no "probative evidence to establish the degree as first degree." At one point of the discussion defendant's counsel did make this state-

ment: ''Well, if your Honor please, I would say there is no evidence that this was used in that capacity and I think the court could justifiably find that it was not so used in that situation.''

To which the court commented: ''He had it in his possession.'' No objection was made to any of the statements made by the court or prosecution during the proceedings. Indeed, the conduct of counsel could reasonably be taken to imply a stipulation that the court might properly act upon these statements and remarks. (See *People* v. *Selz*, 138 Cal.App.2d 205 [291 P.2d 186].)

Aside from any question of implied stipulation however, defendant having admitted in his plea all of the elements necessary to support the court's finding as to degree it was not incumbent upon the prosecution to produce ''probative evidence to establish the degree of first degree.'' (*People* v. *Gannaro*, 216 Cal.App.2d 25 [30 Cal.Rptr. 711]; *People* v. *Ayala*, 138 Cal.App.2d 243 [291 P.2d 517]; *Stephens* v. *Toomey*, 51 Cal.2d 864 [338 P.2d 182]; *People* v. *Jones*, 52 Cal.2d 636 [343 P.2d 577].)

We refer now to defendant's second point above, which appears in the form of a question. The question posed seems to be adequately answered in the case of *People* v. *Aranda*, 63 Cal.2d 518, 533 [47 Cal.Rptr. 353, 407 P.2d 265]. Therein the court after referring to the provisions of Penal Code, section 3024, relative to the terms ''dangerous weapon'' and ''deadly weapon'', has this to say: ''Although this definition includes any firearm whether loaded or not, it does not include a toy pistol unless the toy was made of metal and was 'used or intended to be used as a club.' If the weapon cannot be found, the jury may be instructed by the court that it may draw an inference from the circumstances surrounding the robbery that the gun was not a toy.''

Here it appears from statements by the district attorney repeating in substance a statement made to him by an officer, —that defendant was seen ''committing a substantial act at a gas station, was seen to throw an object under a car. That object turned out to be an actual .32 automatic pistol, a real gun. Now that does not, per se, say that is the same gun the young man used an hour before.''

This statement by the district attorney was hearsay. But it does not go to the question of appellant's guilt as to the robbery charge and it was not challenged by appellant. It

might be viewed not only as allowable under the circumstances of an implied stipulation between counsel that the court could make its finding as to the nature of the instrument based upon the discussion between the court and counsel, but also in the nature of an undenied accusatory statement from which the court could imply that the weapon appellant admitted in his plea of guilty to Count I was the same weapon referred to as having been thrown under the car.

Disregarding any such hearsay statement, however, we find that the circumstance of the guilty plea itself together with the discussions and admissions in open court are sufficient to support the trial court's finding as to the nature of the weapon and the degree of the crime.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied January 3, 1966.