[Crim No. 2487.   Third Dist.   Nov. 25, 1953.]

THE PEOPLE, Respondent, v. MIKE MARVICH, Appellant.

Mike Marvich, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Appellant filed in the superior court in San Joaquin County, in propria persona, a petition for a writ of *coram nobis.*

Said petition alleged in substance that on or about November 22, 1934, when a youth of 19 years, he was arrested by police officers in Stockton and accused of a number of rob-

beries; that he was subjected to prolonged questioning and threatened with bodily harm if he did not admit guilt of several crimes recently committed in and around Stockton; that he asserted his innocence and was confined in jail overnight; that on the following day he was taken for an automobile ride in and around Stockton by a detective of the Stockton Police Department, who took him to dinner and acted sympathetic toward him, but when he was returned to the police station several police officers entered the room and, upon being informed by the detective that petitioner still protested his innocence, threatened to ''beat a confession'' out of him; that the detective then asked for time to talk with petitioner alone and again subjected petitioner to prolonged questioning and told him either to confess the recent crimes and go to the industrial school for a few months, or have the officers ''beat a confession'' out of him and be sent to the state prison for life; that this so ''bewildered, confused and scared him'' that he no longer had the will to maintain his innocence and he told the detective he was ready to ''play ball and clean the books'' of recent crimes; that the detective then typed out a confession to several crimes, read it over to petitioner and had him sign it before witnesses; that he was then told he had better go into court and plead guilty to the crimes and waive all proceedings so that he could immediately go to the industrial school for boys; that he was returned to jail and within a few days was taken before a judge in the county courthouse and, as instructed by the detective, stated that he was guilty of the crime; that he was young and inexperienced in the intricacies of criminal procedure, and ''if he waived the assistance of counsel it was not an intelligent waiver of his constitutional right''; that a few days later petitioner was taken to what he believed to be the juvenile court, at which the late Honorable D. M. Young was presiding, and, as instructed by the detective, again pleaded guilty to the crime charged ''without making an intelligent waiver of his right to counsel and waived all his rights and consented to the immediate disposition of the case''; that the judge found the crime charged to be robbery of the first degree, and to petitioner's surprise and dismay sentenced him to California state prison at San Quentin for the term prescribed by law; that petitioner was released on parole after serving five calendar years' imprisonment but was thereafter returned to the California state prison at Folsom as a parole violator under the aforesaid judgment.

The petition further alleged that in the past few years the petitioner came to realize the enormity of his future position in life and "surrendered himself avidly to the pursuit of education," as a result of which he "became aware that his plea of guilty, conviction and imprisonment was obtained by the prosecuting authorities in violation of the Constitution of the United States and of the State of California," and that he then "immediately commenced a legal research to support his allegations and prepared this petition for the writ of error *coram nobis*"; that the petitioner has not previously petitioned any court for either the writ of error *coram nobis* or the writ of habeas corpus in connection with the aforesaid judgment and conviction.

The prayer of the petition is that a writ of error *coram nobis* issue and that the judgment of conviction be annulled, vacated and set aside, and that petitioner be allowed to withdraw his plea of guilty and to interpose a plea of not guilty.

Attached as an exhibit to the petition was the judgment of the superior court, dated December 3, 1934, which recited petitioner's waiver of the aid of counsel and his plea of guilty.

With said petition petitioner filed a motion for an order allowing his appearance in court at the hearing of said petition in order that he might testify and present evidence, and also orally argue the questions involved.

The district attorney of San Joaquin County demurred to the petition upon the grounds (1) that it failed to state facts sufficient to warrant granting it; (2) that it was indefinite and uncertain; and (3) that it made no sufficient showing of due diligence. The district attorney also filed an "Affidavit of Statement of Facts" by the detective named in the petition, denying all of petitioner's allegations as to threats and promises and alleging that petitioner was treated with fairness and courtesy; that petitioner freely admitted his guilt of the offenses charged and described said offenses in detail; and voluntarily admitted his guilt at his preliminary examination in the justice's court and when arraigned in the superior court.

The superior court denied petitioner's motion for his personal appearance, proceeded to hear the petition and respondent's demurrer thereto, and ordered, adjudged and decreed that "Respondent's Demurrer is sustained, and petitioner's Petition of Issuance of a Writ of Error *Coram Nobis* be and hereby is denied on the grounds of laches, and on the further grounds that defendant and petitioner was not deprived at any time of his Constitutional rights."

Petitioner has appealed from the order denying his petition for *coram nobis* and the People have filed a motion to dismiss said appeal upon the ground that said appeal is frivolous, sham and without merit.

As to petitioner's contention that the court erred in refusing to issue an order for his personal appearance we believe that the denial of such motion was within the sound discretion of the court. Petitioner was confined in the state prison at Folsom, and, as stated in *People* v. *Kirk,* 76 Cal. App.2d 496, at 498 [173 P.2d 367] : "The decision of the question of returning a person confined in a penitentiary, to court, to argue a petition for a writ of error *coram nobis,* should be within the sound discretion of the court in which it is to be heard." Furthermore, in view of the fact that the verified petition of petitioner and the entire record of proceedings in connection with the judgment of conviction were before the trial court, petitioner was not prejudiced by the court's refusal to order him brought from Folsom penitentiary for the hearing.

In the case of *People* v. *Adamson,* 34 Cal.2d 320, the court said at page 329 [210 P.2d 13] :

"The proceeding designated '*coram nobis*' in this state is a court-made proceeding and, within the limits of the constitutional requirements pointed out in *People* v. *Shorts* (1948), *supra,* 32 Cal.2d 502, 506 [197 P.2d 330], must, therefore, be subject to such limitations and procedural requirements as the creating court may prescribe. Such proceeding is not subject to all the rules applicable to an original trial; it is an attack upon a judgment which has become final and in favor of which there are strong presumptions of regularity; the 'petition' is regarded as a motion to vacate the judgment; it is not a complaint nor does it initiate an independent action (*In re Paiva* (1948), 31 Cal.2d 503, 509 [190 P.2d 604]).

The facts that the People filed *inter alia* a document entitled 'Demurrer' and that the trial court made an order (superseded by the order now appealed from) that the 'Demurrer . . . is sustained without leave to amend' did not require the trial court and do not require this court to accept every allegation of the petition and supporting affidavits at face value. The trial court considered, and we are entitled to consider, the circumstances in which those allegations were made and the People's affidavits controverting them."

In the instant proceeding the record shows that while petitioner sets forth in his petition that he waived counsel and

pleaded guilty because of threats made against him and promises made to him, these allegations are contradicted by the affidavit of the officer. The record also shows that petitioner waived counsel and pleaded guilty. The petition was filed 19 years after the judgment against petitioner was pronounced, and petitioner's only excuse for the long delay was that it was not until the last few years that he became aware that his plea of guilty, conviction and imprisonment were obtained in violation of his constitutional rights. The petition alleges that after the judgment was pronounced he served five calendar years in prison at San Quentin, then was released on parole and thereafter returned to Folsom State Prison as a parole violator.

In *People* v. *Adamson, supra,* the court said at page 326:

"In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (See *People* v. *Darcy* (1947), 79 Cal.App.2d 683, 693 [180 P.2d 752]; *People* v. *Martinez* (1948), 88 Cal.App.2d 767, 774 [199 P.2d 375].) ██ Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Gilbert* (1944), 25 Cal.2d 422, 442 [154 P.2d 657]; *In re Lindley* (1947), 29 Cal.2d 709, 725-726 [177 P.2d 918]; *People* v. *Tuthill* (1948), 32 Cal.2d 819, 821 [198 P.2d 505].) ██ The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)"

██ We are satisfied that upon the record before it the trial court's implied finding that petitioner was not induced to waive counsel and plead guilty by reason of threats or promises is supported by substantial evidence. ██ Furthermore, the trial court was not required to believe petitioner's allegation that he did not realize until a few years ago that his plea of guilty had been obtained in violation of his constitutional rights. In the light of the facts and circumstances shown by the record, a delay of 19 years in filing a petition for a writ of error *coram nobis* cannot be excused.

As stated in *People* v. *Shorts*, 32 Cal.2d 502, at page 512 [197 P.2d 330] : "It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis*." (Citing cases.)

For the reasons hereinbefore stated the order sustaining respondent's demurrer and denying petitioner's petition for a writ of error *coram nobis* is affirmed. For the reason that we prefer to decide the matter upon the merits, the motion to dismiss the appeal is denied.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1953.