[Crim No. 2422.   Third Dist.   Dec. 2, 1953.]

THE PEOPLE, Respondent, v. JACKSON RYAN,
Appellant.

Jackson Ryan, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal from an order of the trial court denying defendant's motion to set aside a judgment of that court and his petition for a writ of error *coram nobis*. None of the contentions made by defendant are well founded, hence the conclusion of the trial court must be sustained.

The record before this court shows that by a complaint filed in the Justice Court of Modesto Township defendant was charged with issuing bank checks with intent to defraud. At the preliminary hearing in said justice court the defendant expressed a desire to take the stand and testify; the court

admonished him that any statement that he might make or testimony he might give would be used against him in the event he was held to answer in the superior court. The defendant acknowledged that fact, stating that he understood the same but that he still desired to testify. He thereupon took the stand and admitted writing three checks on a Merced bank, at which bank he had no account or arrangements made for credit. He also admitted that he had suffered a prior conviction for the crime of robbery in the State of Texas and had served a sentence therefor in the Texas state penitentiary. He was thereupon held to answer in the superior court.

Thereafter an information was filed in the superior court charging defendant with three counts of issuing checks with intent to defraud. Upon his arraignment in the superior court defendant was advised of his rights, to which he replied that he did not want an attorney, that he "would just like to plead guilty and get it over with." Following his waiver of time for pronouncement of sentence judgment was entered sentencing him for the term prescribed by law on each count in the information, said sentences to run concurrently. No appeal was taken from that judgment.

Subsequently defendant made a motion for the records in his case, which motion apparently was granted. He next moved to set aside and vacate the judgment and filed a petition for a writ of error *coram nobis*. A counteraffidavit filed by the district attorney of Stanislaus County specifically denied the allegations of the petition. Following the denial of defendant's motions he appealed to this court.

No briefs have been filed by appellant. However, he has communicated with the court stating that he would stand on the record of the Superior Court of Stanislaus County, which is on file herein.

From an examination of his petition in that court it would appear that three main contentions are made:

1. That he was denied the right to counsel at the time of his preliminary examination; (2) that he pleaded guilty solely upon the promise of the district attorney that he would receive a county jail sentence, and (3) that there was no evidence to support his conviction.

The record before us does not disclose the proceedings at the time of arraignment in the justice court but only those at the time of the preliminary examination. In the absence of any affirmative showing to the contrary we must presume

that official duty was regularly performed and that the defendant was advised of his rights. (Code Civ. Proc., § 1963, subd. 15.) ■ But even if we assume that the justice of the peace in the proceedings in that court failed to instruct the petitioner concerning his constitutional rights "the omission to do so affects only the legality of the commitment by the magistrate." (*In re Tedford*, 31 Cal.2d 693 [192 P.2d 3].) Here, as in the Tedford case, no motion to set aside the information was made, hence the rule as therein stated is likewise applicable in this proceeding, that "in the absence of such a motion, any invalidity in the proceedings prior to the commitment is deemed waived. (Pen. Code, §§ 995, 996 [citing cases])."

The record of the proceeding at the time of his preliminary hearing in the superior court shows that he was fully advised of his right to counsel and that he specifically waived that right. Furthermore, the record shows that he was not wholly ignorant of court procedure since he had suffered a prior conviction for a felony. Also his testimony before the superior court demonstrated that he was not an ignorant person but was a man of reasonable intelligence. He had finished his elementary schooling and was engaged in the business of a painter and decorator at the time of his arrest. ■ While it is the rule that the right of an accused to counsel will be zealously protected, nevertheless it is a right which may be waived. (*In re Connor*, 16 Cal.2d 701, 706 [108 P.2d 10].) ■ And in a case such as the present where the record "affords substantial basis for the conclusion that the waiver of his right to counsel was made by one who had an intelligent conception of the consequences of his act" (*In re Tedford*, 31 Cal.2d 693, 695 [192 P.2d 3]) a reviewing court will not interfere. (See, also, *In re Jingles*, 27 Cal.2d 496, 498 [165 P.2d 12].)

■ Defendant's next contention is that he pleaded guilty solely upon the promise of the district attorney that he would receive a county jail sentence. The affidavit of the district attorney denies that such representation was made. The district attorney further avers that the case was never discussed by him with any of the judges of said superior court and that no promise or assurance of any kind was made to the defendant for the purpose of inducing him to enter a plea of guilty or to testify at the hearing in that court. The factual issue so raised by defendant was resolved against him by the

trial judge and cannot be disturbed by this court on appeal. (*People* v. *Shapiro*, 85 Cal.App.2d 253 [194 P.2d 731].)

Defendant's final contention is likewise without merit. The record shows that defendant pleaded guilty to all of the counts as charged and therefore admitted all of the essential elements. Under such circumstances there was no necessity for other evidence to be adduced by the prosecution. (*People* v. *Stone*, 69 Cal.App.2d 533 [159 P.2d 701].)

It may well be added that there was no motion for a new trial nor was there an appeal from the judgment of conviction. Since all of the errors of which he now complains could have been reviewed on appeal, a writ of *coram nobis* will not now lie to attack the same. (*People* v. *Smith* (1952), 108 Cal.App.2d 696 [239 P.2d 466].) Further, there was a delay of more than four years between the time of the judgment and the filing of the petition for the writ. A defendant who by *coram nobis* would seek to attack a judgment must show due diligence in the pursuit of his remedy. In the absence of a showing justifying such delay this court will not now consider such contention.

Lastly, it cannot be said that the trial court abused its discretion in denying him the right to personally appear and argue his petition. As stated in *People* v. *Russell*, 139 Cal.App. 417, 419 [34 P.2d 203], the rule is well established that a defendant's "presence is not necessary after entry of judgment at the hearing of an appeal or other review of the judgment (citing cases) . . . [and] As there is no constitutional or statutory right of a defendant to demand his presence at a proceeding brought to review or set aside a judgment the failure of the trial court to order his presence on the hearing of this motion was not error." (See *People* v. *Kerr*, 113 Cal.App.2d 90 [247 P.2d 927]; *People* v. *Martin*, 78 Cal. App.2d 340 [177 P.2d 813].)

The motion to dismiss is denied and the order of the trial court is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.