[Crim. No. 3116.   First Dist., Div. Two.   Sept. 26, 1955.]

THE PEOPLE, Respondent, v. RALPH J. MARIA, Appellant.

Ralph J. Maria, in pro. per., and John Andrew Ertola, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant pleaded guilty to two counts charging the kidnapping of two individuals and to one count charging the robbery of one of them and was sentenced for these offenses by the Superior Court of Alameda County on March 2, 1954. He filed a petition for a writ of error *coram nobis* in the Superior Court of Alameda County on February 3, 1955. This petition was denied on February 9, 1955 and from this order the appeal is taken.

Appellant filed his petition in propria persona and it is replete with conclusions of law. At his request this court appointed counsel to represent him, but there was nothing that counsel could successfully do for him at the appellate level on the record presented. The only allegations that might be held to be allegations of fact are that the court had no jurisdiction of the offenses because they were "pretended to have been committed in another County outside of the jurisdiction of the County of Alameda . . ."

▮ The record shows that appellant forcibly compelled his victims to drive him from Alameda County to Madera County where he robbed one of them and returned with the other and the stolen property to Alameda County. These facts were sufficient to confer jurisdiction of the three offenses on Alameda County. (Pen. Code, §§ 781, 784, 786.)

▮ Appellant alleges that "after his conviction he immediately filed his written notice of appeal into the First Appellate District Court of Appeals." The record shows no notice of appeal on file and appellant now argues that his notice of appeal was delivered to police officers who "concealed it" from the superior court. The variance between the allegation and argument is obvious. The issue now argued was not presented to the trial court by the allegation.

The other allegations of the petition are all mere conclusions of the pleader and no good purpose would be served in elaborating on their insufficiency to raise any triable issue of fact.

▮ The appellant had no absolute right to be present at

the hearing of his petition. (*People* v. *O'Brien,* 97 Cal.App.2d 391 [217 P.2d 678] ; *People* v. *Gennaitte,* 127 Cal.App.2d 544 [274 P.2d 169].)

The order is affirmed.

Nourse, P. J., and Kaufman, J., concurred.