[Crim. No. 109.    Fifth Dist.    July 22, 1964.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  HARVEY
  LAUDERDALE, Defendant and Appellant.

John N. Cooley, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.—The petitioner, Harvey Lauderdale, appeals from an order denying a writ of error *coram nobis*. ■ There are at least three good grounds for affirmance:

1) The petition was filed some eight years after the conviction of the petitioner for violation of section 470 of the Penal Code without any showing of a reason for such delay. (*People* v. *Adamson,* 34 Cal.2d 320, 328-329 [210 P.2d 13]; *People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330]; *People* v. *Quigley,* 222 Cal.App.2d 694, 700 [35 Cal.Rptr. 393]; *People* v. *Ryan,* 121 Cal.App.2d 651, 655 [263 P.2d 850].)

■ 2) All of the facts upon which petitioner relies occurred prior to his plea of guilty and sentence and no explanation is offered as to why such facts were not presented at that time. (*People* v. *Painter,* 214 Cal.App.2d 93, 97 [29 Cal.Rptr. 121]; *People* v. *Shorts, supra,* 32 Cal.2d 502, 513;

*People* v. *Adamson, supra,* 34 Cal.2d 320, 327; *People* v.
*Blevins,* 222 Cal.App.2d 801, 803-804 [35 Cal.Rptr. 438, 36
Cal.Rptr. 191]; *People* v. *Marvich,* 121 Cal.App.2d 548, 553
[263 P.2d 460].)

■ 3) The allegation that his plea of guilty was pro-
cured by improper pressure of the district attorney and sher-
iff together with the opposing evidence were placed before
the court by affidavits and oral testimony. The court's deci-
sion on the facts that the petitioner was not telling the truth
is binding on this court. (*People* v. *Lewis,* 166 Cal.App.2d
602, 605 [333 P.2d 428]; *People* v. *Crawford,* 176 Cal.App.2d
564, 567 [1 Cal.Rptr. 811]; *People* v. *Ryan, supra,* 121 Cal.
App.2d 651, 654-655.)

Two general points are raised on appeal:

A) It is claimed that the petitioner, an inmate of a state
penal institution, suffered the denial of a constitutional right
in that he was not personally brought before the court at the
time of the *coram nobis* hearing.

B) It is also urged that the petitioner should be released
because of a failure to observe statutory requirements con-
cerning the time limitations for conducting a preliminary
examination as follows:

a) The defendant was jailed from June 10, 1955, until
June 13, 1955, before his arraignment in the justice court,
that period being in excess of the two-day limitation specified
by section 825 of the Penal Code;

b) The preliminary examination was held seven days after
arraignment rather than within five days as required by sec-
tion 860 of the Penal Code;

c) The preliminary examination was continued from June
20 to June 23, 1955, in violation of the two-day time require-
ment of section 861 of the Penal Code.

The petitioner, Harvey Lauderdale, was arrested early in
June of 1955, for violation of section 470 of the Penal Code.
A warrant for his arrest was issued on June 13, 1955; he was
first arraigned on that date in the justice court at which time
he stated to the court that he had his own attorney. A pre-
liminary hearing was commenced on June 20, and defendant
not then having counsel, the hearing was continued by the
court in order that an attorney might be secured. Counsel
was actually appointed by the court on June 23, 1955.

At the continuation of the preliminary hearing on June 23,
1955, defendant and his counsel expressly waived the time
provisions of section 825 of the Penal Code (appearance be-
fore a magistrate within two days) and section 861 of the

Penal Code (providing time limits for postponement of preliminary examination unless there is consent by defendant). The defendant then moved for a waiver of the preliminary hearing itself; the motion was granted and he was ordered bound over to the superior court. So, actually there was no preliminary examination in defendant's criminal case.

In the superior court, an information dated June 24, 1955, charging defendant with forgery and a prior felony conviction was amended to strike the prior felony charge. On June 27, 1955, after he was carefully advised by the trial judge of his rights including his right to await a parole report before sentencing, he was specifically told that he would be sent to state's prison if sentence were pronounced at that time; the defendant nevertheless pleaded guilty; he waived time and a report of the probation office, and made a request for immediate sentence. Every formality was observed as well as the spirit of the law relative to zealous guardianship of the defendant's rights.

Eight years later in October of 1963, defendant filed his "Petition for Writ of Error and/or Declaratory Judgment." On December 23, 1963, the date originally set for the hearing, counsel was appointed by the trial court for the indigent defendant and the proceeding was continued to January 20, 1964, at which time petitioner was not personally present but was represented by counsel. The court, after a full hearing of oral testimony and affidavits determined that the petition was without merit and denied it.

An appeal was taken by appellant acting in propria persona; he thereafter filed an opening brief on March 4, 1964. On March 17, 1964, he made a request to this court for the appointment of an attorney. The court originally appointed as counsel for the petitioner the attorney who represented him in the court below, but upon the joint request of the attorney and his client, counsel was excused, and another lawyer was substituted. After investigating the case, the latter asked to be relieved, and he was, with the consent of the defendant, replaced by yet a third attorney who filed the closing brief on behalf of the defendant.

■ The first contention made on the appeal is that because the petitioner was not present in the superior court at the hearing on the application for the writ of *coram nobis*, he was deprived of a constitutional right which now requires his release. This contention is based on article I, section 13, of the California Constitution, which provides in part: "In

criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend, in person and with counsel. . . . " *In re Paiva,* 31 Cal.2d 503, 509 [190 P.2d 604], holds that: " . . . a proceeding in the nature of a writ of *coram nobis* is properly regarded 'as a part of the proceedings in the case to which it refers' rather than as 'a new adversary suit.' " The petitioner argues that since this proceeding in *coram nobis* was part of a felony action, the constitutional provision required his presence at the hearing. In the *Paiva* case, the Supreme Court indicated that in a criminal case *coram nobis* is classifiable as criminal, and held that an indigent convicted felon who has applied to a superior court for a writ of error *coram nobis* without success is entitled on his appeal from the denial to a transcript of the proceedings at the expense of the county as in criminal cases. The mere fact that the courts have held that the duty to supply a transcript to an indigent appellant applies to a proceeding of this kind does not mean that the attendance of a petitioner is a requisite to a *coram nobis* hearing in the superior court. ▆ *Coram nobis* proceedings are not regulated in California by specific statutory provisions and the form and incidents of the hearing are largely controlled by the court in which the petition is filed. ▆ It has been held frequently that the hearing of a *coram nobis* petition is in the nature of a civil proceeding and that a petitioner need not be physically present in court at the hearing. (*People v. Blevins,* 222 Cal.App.2d 801, 806 [35 Cal.Rptr. 438, 36 Cal. Rptr. 191]; *People v. Painter, supra,* 214 Cal.App.2d 93; *People v. Taylor,* 218 Cal.App.2d 321 [32 Cal.Rptr. 384]; *People v. Fowler,* 175 Cal.App.2d 808, 810 [346 P.2d 792]; *People v. Maria,* 135 Cal.App.2d 621, 622 [287 P.2d 784]; *People v. Marvich, supra,* 121 Cal.App.2d 548, 552; *People v. Ryan, supra,* 121 Cal.App.2d 651, 655; *People v. Gennaitte,* 127 Cal.App.2d 544, 548, 549 [274 P.2d 169]; 12 Cal.Jur.2d, Coram Nobis, § 22, p. 573.)

▆ Although article I, section 13, of the California Constitution provides that the defendant in a criminal case has the right to appear in person, there is no positive requirement that one charged with a criminal offense must be present at his own trial. The rules relative to necessary presence at a criminal trial in California are controlled by statutory enactment. ▆ With respect to a felony, a defendant is

normally under the necessity of being present at all times (Pen. Code, §§ 1043, 1181, subd. 1), but it is not essential that those charged with misdemeanors should be personally present (Pen. Code, § 1043). ■ With respect to sentencing after conviction, the Penal Code makes the same distinction; in felony cases, the defendant must be present; in misdemeanor cases he need not be (Pen. Code, §§ 1148, 1149).

■ However, a felony defendant does not have to be present when his case is argued on appeal, and when a sentence follows an affirmance on appeal in felony cases the defendant need not then be personally in attendance. (*In re Ralph,* 27 Cal.2d 866, 869 [168 P.2d 1].)

■ Neither the constitutional section nor any law requires that a petitioner be personally present at a *coram nobis* proceeding. The rule is that the presence of a petitioner at his hearing may be required or refused in the discretion of the court.

■ No demand or request was made by the regularly appointed attorney for his petitioner that he be brought to the hearing, either because he was the petitioner or because he was a potential witness who should testify on matters before the court. (Pen. Code, §§ 1567, 2620.) In the absence of such a request and a refusal, entirely apart from other considerations, there was obviously no error.

At the hearing, his attorney stated that the verified petition of the defendant would serve as evidence in his behalf and specifically said that he had no further evidence to produce. Thus, the personal absence of the defendant in the circumstances was clearly not erroneous.

The petitioner relies principally upon the holding in two federal cases, *United States* v. *Hayman,* 342 U.S. 205 [72 S.Ct. 263, 96 L.Ed. 232] and *Waley* v. *Johnston,* 316 U.S. 101 [62 S.Ct. 964, 86 L.Ed. 1302]. In each of those cases, the court was considering the specific provisions of a federal statute relative to the vacation of criminal judgments or to habeas corpus proceedings after the alleged commission of federal offenses; the two cases in question are thus not applicable to prosecutions under California law in the state courts.

The Supreme Court of the United States, speaking through Mr. Justice Cardozo, in the case of *Snyder* v. *Commonwealth of Massachusetts,* 291 U.S. 97, 105-106 [54 S.Ct. 330, 78 L.Ed. 674, 678, 90 A.L.R. 575, 579], has the following to say with respect to the right of a defendant prior to conviction to be present at the hearing of his own case under the Fourteenth

Amendment to the federal Constitution: ''We assume in aid of the petitioner that in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. Thus, the privilege to confront one's accusers and cross-examine them face to face is assured to a defendant by the Sixth Amendment in prosecutions in the federal courts [citing cases], and in prosecutions in the state courts is assured very often by the Constitutions of the states. For present purposes we assume that the privilege is reinforced by the Fourteenth Amendment, though this has not been squarely held. [Citing cases.]''

Later in the opinion (pp. 106-107 [62 S.Ct. 964, 86 L.Ed. at pp. 678, 679, 90 A.L.R. at p. 580]) it is said: ''In all the cases thus assumed the presence of the defendant satisfies the test that was put forward a moment ago as basic and decisive. It bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend. Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. What has been said, if not decided, is distinctly to the contrary [citing cases]. *The underlying principle gains point and precision from the distinction everywhere drawn between proceedings at the trial and those before and after. Many motions before trial are heard in the defendant's absence, and many motions after trial or in the prosecution of appeals* [citing cases].'' (Italics added.)

We find no holding by the United States Supreme Court that a defendant in the State of California is entitled as a matter of right to be present at the hearing of his petition for a writ of *coram nobis*. It would appear, therefore, that the criminal judgment cannot be upset on the ground first alleged by petitioner.

The second contention, that certain provisions of the Penal Code relative to the timely and expeditious hearing of preliminary examinations were not observed, cannot be taken advantage of. The defendant waived his preliminary examination, he did not make any objection to the information (Pen. Code, § 995), and he did not appeal his criminal conviction. For those reasons, these points are not legitimate in this *coram nobis* proceeding.

The trial court exercised extreme consideration for the pe-

titioner by appointing counsel and by proceeding to a full hearing notwithstanding the defects in the petition.

The order is affirmed.

Brown (R. M.), J., concurred.