[Civ. No. 1922. Fifth Dist. June 18, 1973.]

THURMAN BEASLEY, Petitioner, v.
THE MUNICIPAL COURT FOR THE BAKERSFIELD
JUDICIAL DISTRICT OF KERN COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wayne M. Hamilton for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Charles P. Just, Willard F. Jones and Brian Taugher, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**BROWN (G. A.), P. J.**—The issue in this cause is whether petitioner's right to a speedy trial is being violated by the Municipal Court of the Bakersfield Judicial District of Kern County. Petitioner has been represented by counsel throughout the proceedings.

Petitioner was arrested on April 8, 1972, on a charge of violating Vehicle Code section 23102, subdivision (a) (driving under the influence of alcohol), a misdemeanor. He posted a bail bond on the same date in the penal sum of $360.

On April 18, 1972, he was arraigned in absentia, his counsel being present, and the cause was set for trial on May 31, 1972—43 days after the date of the arraignment.

On May 31, 1972, when the cause was called for trial, petitioner's counsel was present but petitioner did not personally appear. The court proposed to proceed to try defendant in absentia. Counsel objected to this, stating that there were significant discrepancies between events as related by the arresting officers and the record of events as related by the petitioner. Counsel's position was that petitioner's presence was necessary to an ascertainment of the facts of the matter. Counsel made some effort to contact petitioner but was unsuccessful. Counsel then requested a continuance of 10 days to two weeks. The judge refused a continuance and instead ordered: "The defendant having failed to appear for jury trial, bond ordered forfeited. Bench warrant issued. Bail $1000.00. NOT TO BE RE-SET unless defendant pays $36 each for two officers who appeared."

Petitioner's counsel objected to this order, pointing out that petitioner is a person of extremely limited financial means, earning approximately $300 per month as a' self-employed gardener, and requested that a trial date be set convenient to the court within a two-week period. The court refused to modify its order.

Petitioner continued to work, depositing small amounts from his earnings with his counsel for the purpose of accumulating sufficient money to comply with the court's order. On August 9, 1972, counsel delivered his trust account check in the amount of $72 to the clerk of the court, representing the amount of the witness fees ordered to be paid. By letter dated August 22, 1972, the court returned the check and advised petitioner's counsel that no further action would be taken in the case because petitioner had not posted the additional bond or surrendered himself to the sheriff on the bench warrant.

On October 2, 1972, the additional bail bond was posted. Counsel was advised that a hearing would be held on October 11, 1972. This hearing was continued at the request of petitioner's counsel to October 13, 1972, and he was advised it would be in the nature of a second arraignment.

On October 13, 1972, the petitioner personally appeared in court with counsel and, over objections of counsel that petitioner had been deprived of his right to a speedy trial, the cause was set for trial on October 27, 1972.

Petitioner filed a petition for writ of prohibition in the superior court, which was denied. He has petitioned this court for a writ of prohibition, which we deem an appropriate remedy under the circumstances. (*Castaneda v. Municipal Court* (1972) 25 Cal.App.3d 588, 591-592 [102 Cal.Rptr. 230].)

Penal Code section 1382, subdivision 3, expressly requires that a defendant in a misdemeanor case, when he is not in custody, be brought to trial within 45 days after his arraignment.

Our Supreme Court in the recent case of *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90], in referring to the concomitant provision contained in subdivision 2 of Penal Code section 1382 relating to the 60-day felony trial limitation, said: "The right to a speedy trial is a fundamental right secured by the Sixth Amendment to the federal Constitution and is made applicable to the states by the Fourteenth Amendment. [Citation.] Article I, section 13, of the California Constitution independently guarantees the right to a speedy trial. In addition, our Legislature has made provision for 'a speedy and public trial' as one of the fundamental rights preserved to a defendant in a criminal action. (§ 686, subd. 1.) The policy behind the right to a speedy trial is expressed in section 1050 which states, 'The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice.'

"Section 1382, subdivision 2, implements the foregoing constitutional and statutory guarantees by providing that, absent a showing of 'good cause,' a defendant accused of a felony is entitled to have the charges against him dismissed if he is not brought to trial within 60 days after the filing of criminal charges or after particular events necessitating a retrial thereof. A dismissal is thus mandated in those situations covered by the statute if, at the time a defendant moves therefor, the 60-day period has elapsed and good cause for the delay is not shown by the prosecution.

In these circumstances the defendant is not required to make any further showing, and in particular he is not required to make an affirmative showing that he has been prejudiced by the delay. [Citations.]" (Fns. omitted; at pp. 88-89.)

Inasmuch as the delay here is one involving several months, good cause for the delay must be shown by the prosecution.

We start by examining the validity of the order of May 31.

We fail to find any legal basis for that part of the order which states: "NOT TO BE RE-SET unless defendant pays $36 each for two officers who appeared." Respondent has pointed to no authority authorizing such an order and there appears to be none requiring a defendant in a criminal proceeding to pay the prosecution's witness fees or conditioning his right to a speedy trial upon the payment of such fees. Penal Code section 1329 and Government Code section 68098 make witness fees county charges. There is no provision directing a defendant to reimburse the county. Such a statutory provision, even if one existed, would raise serious constitutional questions. We have concluded that that part of the order was in excess of the court's power and was illegal and void.

An examination of the other part of the order forfeiting the bond, issuing a bench warrant and ordering bail to be increased requires more lengthy treatment.

On a misdemeanor charge it has long been settled in this state by constitutional provision and case law that a defendant has the right to appear and defend in person and with counsel. (Cal. Const., art. I, § 13.) A defendant may waive counsel and defend himself. However, if he chooses to be represented by counsel, he need not personally appear for trial unless the court has ordered that he be present at trial for identification or other purposes. (Pen. Code, § 977, subd. (a); *People* v. *Lauderdale* (1964) 228 Cal.App.2d 622, 626-627 [39 Cal.Rptr. 688]; *People* v. *Ross* (1963) 221 Cal.App.2d 443 [34 Cal.Rptr. 505]; *Carroll* v. *Police Court* (1924) 66 Cal.App. 66 [225 P. 35].)

In holding that an order purporting to forfeit bail in a misdemeanor case wherein the defendant did not personally appear at trial but only by counsel was void, the court in *People* v. *Ross, supra,* 221 Cal.App.2d 443, at pages 445-446, stated: " 'The defendant Pope was not in default for failure to appear at the trial and the court was without authority to forfeit her bail. *People* v. *Ebner* (1863) 23 Cal. 158; *People* v. *Budd* (1881) 57 Cal. 349. In the latter case the court said, p. 351: "In this case no such application [i.e. application that the defendant be ordered into court for

the trial] was made by the district attorney, and no order of the Court was entered requiring the personal attendance of the defendant. In view of the facts of this case, and the foregoing provisions of the Penal Code relating to proceedings in criminal cases, it is clear to our minds that the defendant was not required to be personally present at the trial, and that there was no provision of law which prevented the Court from proceeding with the trial of the case in the defendant's absence. It was no part of the conditions of the undertaking given by the defendants, that the defendant should be present at the trial, and therefore the failure of the defendant to be present in Court when his case was called for trial constituted no breach of the conditions of the undertaking." . . .' "

 In the case at bench, the court's order was predicated upon "[t]he defendant having failed to appear for jury trial. . . ." Inasmuch as petitioner appeared by counsel on May 31, application of these principles would perforce render the order forfeiting bail void unless some other statutory or legal principle saves the order. We have found none, though at first glance it may appear that Penal Code section 1043, subdivision (e), may authorize the court to make the order it made when petitioner did not personally appear. Section 1043, subdivision (e), provides: "(e) If the defendant in a misdemeanor case fails to appear in person at the time set for trial or during the course of trial, the court may, in its discretion, do any one or more of the following, as it deems appropriate:

"(1) Proceed with the trial upon a finding that the defendant absented himself with full knowledge that the trial is to be held or is being held.

"(2) Continue the matter. ·

"(3) Order bail forfeited or revoke release on the defendant's own recognizance.

"(4) Issue a bench warrant."

When that section is considered in the light of the long line of cases authorizing a defendant to appear at trial by counsel only and cognate provisions contained in Vehicle Code section 40512.5, it is apparent that Penal Code section 1043, subdivision (e), was not intended to require the defendant to personally appear when he is represented by counsel and that it is not operative when counsel appears for the defendant. It follows that it is operative only when the defendant represents himself and fails to appear or, if represented by counsel, appears neither in person nor by counsel, or he is otherwise by court order required to be personally present. (See *People* v. *Ebner* (1863) 23 Cal. 158; *People* v. *Budd* (1881) 57 Cal.

349; *Kehlor* v. *Municipal Court* (1953) 116 Cal.App.2d 845, 848 [254 P.2d 897]; *People* v. *Ross, supra,* 221 Cal.App.2d 443, 445-447.)

The charged offense against petitioner was a misdemeanor violation of the Vehicle Code. It comes within the provisions of division 17, chapter 2, article 2, section 40500 et seq. of that code, which article contains particularized provisions dealing with motor vehicle misdemeanor offenses. Section 40512.5 of that article is therefore applicable. It provides in pertinent part: "If at the time when the case is called for trial the defendant does not appear either in person or by counsel and has not requested in writing that the trial proceed in his absence, the court may declare the bail forfeited and may in its discretion order that no further proceedings be had in the case, or the court may act pursuant to Section 1043 of the Penal Code."

■ Statutes dealing with the same subject matter from various codes must be read together (*In re Porterfield* (1946) 28 Cal.2d 91, 100 [168 P.2d 706, 167 A.L.R. 675]; *People* v. *Ashley* (1971) 17 Cal.App.3d 1122, 1126 [95 Cal.Rptr. 509].) Moreover, Vehicle Code section 40512.5 specifically refers to Penal Code section 1043, so obviously the two sections are *in pari materia.* ■ The Vehicle Code section, being a specific statute dealing with motor vehicle misdemeanor violations, necessarily controls the general Penal Code statute contained in section 1043, subdivision (e). (*Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]; *People* ex rel. *Pub. Util. Com.* v. *City of Fresno* (1967) 254 Cal.App.2d 76, 84 [62 Cal.Rptr. 79].) By the express provisions of Vehicle Code section 40512.5 (*supra*), when a misdemeanor Vehicle Code violation is involved and bail has been posted, the court cannot forfeit bail if the defendant appears by counsel nor can it act pursuant to Penal Code section 1043. Since this section controls Penal Code section 1043, it would seem to completely refute any contention that Penal Code section 1043, in the case of a misdemeanor Vehicle Code violation, requires the personal appearance of the defendant or that the action authorized by that section may be taken by the court in the event he appears by counsel but not personally.

■ Based on the foregoing authorities, we are impelled to the conclusion that the remaining part of the order of May 31, forfeiting bail, issuing a bench warrant and increasing the bond, was void and illegal.

■ On May 31, when petitioner's counsel appeared he requested a delay in the trial of up to 14 days. Under the provisions of Penal Code section 1382, subdivision 3(1), the court would have the authority to continue the trial date for the period requested by the defendant plus 10 additional days. In this instance, that would be through June 26. It is

apparent from the record before us that the delay in the trial after that date was caused by petitioner's efforts to raise the necessary money to comply with the court's void order, to wit: payment of witness fees and raising the additional bond premium. The court unequivocally stated in its order of May 31 and letter of August 22 that it would not set the cause for trial until these conditions which we have held to be void were complied with. The fault for and cause of the delay, therefore, falls squarely upon the court's invalid order and not upon the petitioner. This is not only a lack of a showing of good cause for the delay by the prosecution as is required by *Sykes* v. *Superior Court, supra,* 9 Cal.3d 83, but, on the contrary, affirmatively establishes that there was not good cause for the delay.

The People's principal argument in opposition to the petition is that petitioner impliedly waived his right to a speedy trial (Pen. Code, § 1382, subd. 3(1)). ■ For there to be a waiver of a right there must be an intentional relinquishment as the result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished (*Crest Catering Co.* v. *Superior Court* (1965) 62 Cal.2d 274, 278 [42 Cal.Rptr. 110, 398 P.2d 150]), and the waiver must be the result of a voluntary act implying the abandonment of the right or privilege (*Chase* v. *National Indemnity Co.* (1954) 129 Cal.App.2d 853, 858 [278 P.2d 68]). ■ Petitioner's good faith efforts to comply with the void and illegal order and the delay resulting therefrom, including his failure to move for a dismissal on speedy trial grounds promptly upon the expiration of the 45-day period, satisfies neither of these requirements. In the factual matrix of this case we find no basis to conclude that petitioner waived his right to a speedy trial.

Contrary to respondent's contention, petitioner's failure to object on speedy trial grounds when the cause was put off calendar as the result of the order of May 31 did not amount to a waiver inasmuch as the cause was not set for trial by that order beyond the 45-day period. (*Castaneda* v. *Municipal Court, supra,* 25 Cal.App.3d 588, 594.)

Penal Code section 1382, subdivision 3(2), provides for a second exception to the speedy trial requirement in the following language: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. . . . except that an action shall not be dismissed under this subdivision . . . (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court."

This exception is inapplicable here inasmuch as the petitioner appeared through counsel on the date set for trial and, as we have hereinabove concluded, that is all that was required.

In sum, when petitioner's counsel appeared for trial on May 31 without his client, the court had the option of proceeding to trial without the client or continuing the case to a date beyond the 45-day period with counsel's consent.[1] If counsel would not consent to a date convenient to the court's calendar beyond the 45-day period, then the court should have proceeded forthwith to try the case. Faced with this alternative, counsel undoubtedly would have consented to a date convenient to the court's calendar well beyond the 45-day period. In any event, the court did not have the authority to make the order it made on May 31 and demonstrably the delay was caused by that invalid order. This does not constitute good cause for the delay and the motion to dismiss should have been granted.

Let a peremptory writ of prohibition issue directing respondent court to take no further steps in the case of People v. Thurman Beasley, Bakersfield Municipal Court No. 161289, other than to dismiss the prosecution thereof.

Gargano, J., and Franson, J., concurred.

---

[1]The court, of course, could have continued the matter to a date within the 45-day period. However, May 31 was on the 43d day and it is unlikely that the court was in a position to reset the cause within the two-day period.