[No. A043640. First Dist., Div. One. Oct. 5, 1989.]

In re SEAN R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SEAN R., Defendant;
WILLIAM E. JENSEN, as Public Defender, etc., Appellant.

**COUNSEL**

William E. Jensen, Public Defender, and Otto Pisani, Deputy Public Defender, for Appellant.

Charles O. Lamoree, County Counsel, and Thomas H. Gordinier, Assistant County Counsel, for Plaintiff and Respondent.

**OPINION**

**RACANELLI, P. J.**—In this appeal, the sole question presented is whether the trial court had authority to order defense counsel to pay the prosecution's witness fees and expenses incurred upon a continuance granted to the defense. For the reasons we explain, we will conclude the order was unauthorized and void.

### Background

This appeal arises against the following procedural background: In January 1988, a petition was filed in the juvenile court charging the fourteen-year-old minor defendant with the commission of three criminal offenses involving an alleged sexual molestation of a five-month-old infant. The minor was represented by the public defender. After three continuances, the matter was set for a jurisdictional hearing on April 18, 1988. On that day, defense counsel requested a further continuance on the ground that he was unprepared. The prosecution objected, noting that the examining physician had been subpoenaed "at considerable inconvenience."

The trial court granted the request for continuance but also ordered the public defender's office to pay the expert witness fees for the physician upon his return to court. The court added that "if there is [*sic*] any additional charges, the public defender's office will pick it up."

The prosecutor noted that the victim's parents were about to move to Wisconsin. The court therefore ordered the public defender's office to pay the transportation costs for returning the witnesses for trial.

The deputy public defender at that hearing, Otto Pisani, was thereafter assigned to other matters, and the case was taken over by Deputy Public Defender Nancy Dillon, who successfully moved for another continuance because she would be unavailable on the scheduled date. Thereafter, the matter was continued *four* more times.

At the conclusion of the jurisdictional hearing on August 22, 1988, the trial court found the evidence insufficient to sustain the petition. The trial court thereupon entered an order directing the public defender's office to pay the witness fees of Dr. Johnson and the travel expenses for Cindy D., the victim's mother.[1]

The public defender moved for reconsideration, but the trial court reaffirmed its order. ▮▮▮ The public defender now appeals from that order directing payment of witness fees and costs.[2]

---

[1] The fees for Dr. Johnson are $350; the amount of expenses for Mrs. D. is unspecified, but they include round-trip air fare, motel accommodations and car rental.

[2] Welfare and Institutions Code section 800 provides that a judgment in a juvenile proceeding "may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment."

Rule 1396 declares that an appeal may be taken in proceedings under section 602 by the minor, his parent or guardian. (Cal. Rules of Court, rule 1396(a).) By implication, no appeal by the People is proper. (*In re Richard C.* (1979) 89 Cal.App.3d 477, 482-483 [152 Cal.Rptr. 787].) The question arises, however, whether an appeal may be taken by the minor's *attorney*.

In supplemental briefing requested by this court, defense counsel analogizes to an order in a civil case imposing sanctions for alleged misconduct. Such an order has been held appealable as a final order on a wholly collateral matter. (E.g., *I. J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327, 331 [220 Cal.Rptr. 103, 708 P.2d 682] [sanctions under Code Civ. Proc., § 128.5]; *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942] [sanctions under inherent power of the court]; *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 960 [196 Cal.Rptr. 409] [sanctions under Code Civ. Proc., § 128.5].) And the appeal has been allowed within the main action even though the order was directed to the party's *attorney*. (*Bauguess* v. *Paine, supra,* 22 Cal.3d at p. 634, fn. 3; see *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, fn. 3 [192 Cal.Rptr. 57].)

In *Bauguess* v. *Paine, supra,* 22 Cal.3d 626, the Supreme Court explained that an attorney in the main action has standing to bring an appeal in his own right: "The order imposing sanctions is appealable as a final order on a collateral matter directing the payment of money. (*Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176].) The order imposing sanctions directed appellant personally to pay defendants $700. The order also noted that

*Discussion*

■ Our independent search discloses no authority for an order in a juvenile proceeding conditioning the grant of a continuance upon the payment of the opposing party's costs. In *criminal* cases, Penal Code section 1050.5 authorizes an order imposing sanctions on either attorney for last-minute motions for a continuance. (Pen. Code, § 1050, subds. (b), (c).) In *juvenile* matters, however, the statute governing continuances contains no similar provision. (Welf. & Inst. Code, § 682, subd. (a); Cal. Rules of Court, rule 1352.)

In ordering defense counsel to pay the prosecution's costs, the trial court relied mistakenly, we believe, upon section 1024 of the Code of Civil Procedure.[3] That statute, however, has no application to juvenile proceedings. Section 1024 is a part of the chapter in the Code of Civil Procedure dealing with *costs* recoverable in civil actions.[4] But costs are not recoverable in juvenile proceedings. The Legislature has ordained that charges for witness fees and expenses are to be borne by the *county*, not the parties. (Welf. & Inst. Code, § 664.)[5]

In criminal cases, witness fees are similarly *county* charges. (Pen. Code, § 1329.) In *Beasley* v. *Municipal Court* (1973) 32 Cal.App.3d 1020, 1025

---

appellant had made an appearance on his own behalf. *Although he was not a party in the main action, he was made a party of record in the collateral matter by the court's order.* The order imposing sanctions was a final determination of that matter. Thus, appellant was entitled to appeal that order. (Code Civ. Proc., § 902.) Further, respondents have never contested appellant's standing to appeal the order." (P. 634, fn. 3, italics added.)

We find the reasoning persuasive and equally applicable herein. The subject appeal is not from an order or judgment on the petition. Rather, the appeal is from the order compelling payment of the prosecution's costs. As to that collateral matter, the public defender's office was made a party, and the order compelling payment was a final determination. Moreover, respondent has never contested the standing of the public defender's office to appeal the order. Consequently, we conclude the public defender has standing to appeal the order.

[3] That statute provides: "When an application is made to the court or referee to postpone a trial, the payment of the expenses occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same."

[4] The trial court apparently reasoned that since a juvenile delinquency proceeding is not a criminal proceeding, rules of *civil* procedure apply. That reasoning was faulty. Although Welfare and Institutions Code section 203 declares a juvenile delinquency proceeding "shall not be . . . deemed a criminal proceeding," the Supreme Court has recognized the quasi-criminal nature of juvenile proceedings. (*Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801 [91 Cal.Rptr. 594, 478 P.2d 26] [civil discovery procedures not applicable]; see also *People* v. *Superior Court (James B.)* (1981) 122 Cal.App.3d 263, 268 [175 Cal.Rptr. 733].)

[5] Welfare and Institutions Code section 664 provides in pertinent part: "When a person attends a juvenile court hearing as a witness upon a subpoena at its discretion, the court may by an order on its minutes, direct the county auditor to draw his warrant upon the county treasurer in favor of such witness for witness fees in the amount and manner prescribed by Section 68093 of the Government Code. *The fees are county charges.*" (Italics added.)

[108 Cal.Rptr. 637], this singular fact led the court to conclude that the trial court has no authority to order a criminal defendant to pay prosecutorial witness fees. There, the defendant had failed to appear on the day set for trial. The trial court refused to grant a continuance and reset the matter until the defendant had paid the prosecution's witness fees. The *Beasley* court invalidated the order stating: "We fail to find any legal basis for that part of the order which states: 'NOT TO BE RE-SET unless defendant pays $36 each for two officers who appeared.' Respondent has pointed to no authority authorizing such an order and there appears to be none requiring a defendant in a criminal proceeding to pay the prosecution's witness fees or conditioning his right to a speedy trial upon the payment of such fees. Penal Code section 1329 and Government Code section 68098 make witness fees county charges. There is no provision directing a defendant to reimburse the county. Such a statutory provision, even if one existed, would raise serious constitutional questions. We have concluded that that part of the order was in excess of the court's power and was illegal and void." (32 Cal.App.3d at p. 1025.)

*Fabricant* v. *Superior Court* (1980) 104 Cal.App.3d 905 [163 Cal.Rptr. 894], is also factually analogous. There, a criminal defendant, acting pro se, randomly subpoenaed three attorneys as witnesses to support his request for a telephone in his jail cell. The trial court found the defendant's use of subpoenas to be frivolous and ordered the defendant to reimburse each of the attorney-witnesses for their time (for a total of $375). On appeal, the court held that the order could not be justified as an award of witness fees because, in criminal cases, witness fees are limited to statutory fees and are payable by the county. (104 Cal.App.3d at pp. 911-915.)

By parity of reasoning with *Beasley* and *Fabricant,* we conclude the trial court had no authority in the present case to order defense counsel to pay the prosecution's witness fees and expenses. Respondent's attempt to distinguish *Beasley* and *Fabricant* fails. That the fees therein were ordered paid by defendant rather than defense counsel is immaterial. Reimbursement of such charges is no more authorized from defense counsel than from his client, the accused. An order compelling payment by defense counsel likewise runs counter to the statute making witness fees in juvenile proceedings *county* charges rather than recoverable costs.[6]

---

[6]The fact that defense counsel here was the public defender's office, a county-financed agency, is of no legal consequence. The statutory direction for payment of witness fees from the county's treasury (Welf. & Inst. Code, § 664) cannot be construed as authorizing payment from the public defender's budget any more than from private counsel's pocket.

The order is reversed.

Holmdahl, J., and Stein, J., concurred.